UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISISION

| | |
|---|---|
| HERBERT A. DEWBREW, JR. )<br>       Plaintiff )<br>  )<br>vs. )<br>  )<br>ROBERT A KINCAID, II, JOSH GEWIRTZMAN, )<br>JEREMY RASICO, and VINCENNES POLICE )<br>DEPARTMENT. )<br>       Defendants. ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

The Plaintiff, Herbert A. Debrow, Jr., by counsel, hereby bring this action against the Defendants, Robert A. Kincaid II ("Defendant Kincaid"), Josh Gewirtzman ("Defendant Gewirtzman"), Jeremy Rasico ("Defendant Rasico"), and the Vincennes Police Department ("Defendant VPD"), pursuant to 42 U.S.C. § 1983 ("Section 1983)") and Indiana common law. Plaintiff alleges that Defendants have violated his rights as protected by the Fourth and Fourteenth Amendments to the United States Constitution and that Defendants have committed tortious acts against him.

### I.    PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is an individual and has resided within the Southern District of Indiana, Terre Haute Decision, as all relevant times.

2. Defendant Kincaid, Defendant Gewirtzman, and Defendants Rasico are individuals and have, upon information and belief, resided and worked as law enforcement officers with the Southern District of Indiana, Terre Haute Division, at all relevant times.

3. Defendant VPD is a law enforcement agency charged with the prevention, detection, and investigation of criminal law with the City of Vincennes, Indiana.

4. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331, 28 U.S.C. 28 § 1341, 28 U.S.C. § 1367, 42 U.S.C. § 1983, AND 42 U.S.C. § 1988.

5. All of the events, transactions and occurrences giving rise to this lawsuit occurred within the geographical environs of the Southern District of Indiana, Terre Haute Division, and all parties are located therein.

## II.    FACTUAL ALLEGATIONS

6. On or about September 29, 2021, Plaintiff was a resident in Willow Manor Nursing and Rehabilitation ("Willow Manor") in Vincennes, Indiana. He had been there for approximately six months, undergoing treatment and rehab from serious injuries he'd sustained in a car accident on August 7, 2020. The injuries included near-total paralysis from the chest down. Plaintiff was unable to perform ambulatory movement without a wheelchair.

7. On or about September 29, 2021, Plaintiff went outside Willow Manor for the first time. By way of a Willow Manor vehicle, Plaintiff was dropped off at The Plaza. While there, he shopped at Walmart's, got a haircut, and stopped in a Mexican restaurant, where Plaintiff ate and had several drinks.

8. Plaintiff understood that Willow Manor transit would also pick him up, but no one came for him. Eventually, at approximately 9 p.m., a Nurse Assistant from Willow Manor came to get Plaintiff and took him back to Willow Manor. At Willow Manor, Plaintiff talked to another resident and wheeled himself to his room. As he passed the nurse's station, there was some chatter with staff about "weed". At no time during the relevant times, however, did Plaintiff possess marijuana or any other illegal drug.

9. Plaintiff went to his room, took a shower, and put himself in bed. He was nearly asleep when Defendants Kincaid, Gewirtzman and Rasico knocked on the door of his room.

10. Defendants Kincaid, Gewirtzman and Rasico inquired about marijuana. Plaintiff responded that he did not have any marijuana. Plaintiff, half asleep and unable to move from his bed, grabbed a box off the bedtable, put some personal items into the box, and closed it. Defendants asked Plaintiff for the box, and Plaintiff continually informed the Defendants that he did not have marijuana.

11. Defendants continued to request the box. Plaintiff, angered by Defendants' insistence and intimidated by the presence of three policeman, informed Defendants to get a search warrant.

12. Defendants never applied for or got a search warrant.

13. Eventually, after a fourth office arrived, the three Defendants rushed the Plaintiff while in his bed and jerked the box out of his hand. The force of Defendants' actions caused Plaintiff to fall out of the bed and left him thrashing about on the floor. By himself, Plaintiff lifted himself into his wheelchair and went out into the hallway.

14. Plaintiff, in his wheelchair, Defendants again apprehended Plaintiff, twisted his arms behind, handcuffed him to the chair, and Plaintiff sustained various injuries, including two broken toes, and lacerations on his ankles, legs and back, and pelvic wall. Additionally, as a result of Defendants' actions, Plaintiff has suffered extensive emotional and mental harm.

### III.   LEGAL CAUSES OF ACTION

### COUNT I

### DEFENDANT KINCAID, DEFENDANT GEWIRTZMAN and

### DEFENDANT RASICO, each in their individual capacities

### FOURTH AMENDMENT

### UNREASONABLE SEARCH AND SEIZURE

### EXCESSIVE FORCE

15. Plaintiff hereby incorporates the foregoing paragraphs as if the same were set forth at length herein.

16. Actions taken against Plaintiff by Defendant Kincaid, Defendant Gewirtzman, and Defendant Rasico constitute excessive force and an unlawful seizure under the Fourth Amendment of the United States Constitution.

17. The amount of force used by Defendants was unreasonable.

18. Defendants' actions were under color of state law.

19. Plaintiff suffered harm, and continues to suffer harm, as a result of Defendants' actions against Plaintiff.

### COUNT II

### DEFENDANT KINCAID, DEFENDANT GEWIRTZMAN and

### DEFENDANT RASICO, each in their individual capacities

### FOURTH AMENDMENT

### UNREASONABLE SEARCH AND SEIZURE

### FALSE ARREST

20. Actions taken against Plaintiff by Defendant Kincaid, Defendant Gewirtzman, and Defendant Rasico constitute false arrest.

21. By handcuffing Plaintiff to his wheelchair, Defendants arrested Plaintiff without probable cause.

22. Defendants' actions were under color of state law.

23. Plaintiff suffered harm, and continues to suffer harm, as a result of Defendants' unlawful actions.

## COUNT III

## DEFENDANT KINCAID, DEFENDANT GEWIRTZMAN and DEFENDANT RASICO, each in their individual capacities

## FOURTH AMENDMENT

## UNREASONABLE SEARCH AND SEIZURE

## DUE PROCESS VIOLATION

24. Actions taken against Plaintiff by Defendant Kincaid, Defendant Gewirtzman, and Defendant Rasico deprived Plaintiff of due process under the law.

25. Actions taken by Defendants caused him to be detained without probable cause and violated Plaintiff's rights under the Fourth Amendment of the United States Constitution.

26. Defendants' actions were performed under the color of state law.

27. Plaintiff suffered harm, and continues to suffer harm, as a result of Defendants' unlawful actions.

## COUNT IV

## DEFENDANT KINCAID, DEFENDANT GEWIRTZMAN and

## DEFENDANT RASICO, each in their individual capacities

## INDIANA COMMON LAW

## UNREASONABLE SEARCH AND SEIZURE

## ASSAULT

28. Plaintiff hereby incorporates the foregoing paragraphs as if the same were set forth at length herein.

29. Defendants acted in a manner intending to cause an imminent apprehension of harmful and/or offensive conduct with Plaintiff.

30. Defendants caused imminent apprehension of harmful and offensive contact with Plaintiff.

31. Defendants caused said harmful and offensive contact with Plaintiff.

32. Defendants' actions were performed under the color of state law.

33. Plaintiff suffered harm, and continues to suffer harm, as a result of Defendants' unlawful actions.

## COUNT V

## DEFENDANT KINCAID, DEFENDANT GEWIRTZMAN and

## DEFENDANT RASICO, each in their individual capacities

## INDIANA COMMON LAW

## UNREASONABLE SEARCH AND SEIZURE

## BATTERY

34. Plaintiff hereby incorporates the foregoing paragraphs as if the same were set forth at length herein.

35. Defendants acted in a manner intending to cause a harmful and/or offensive conduct with Plaintiff.

36. Defendants caused a harmful and offensive contact with Plaintiff.

37. Defendants' actions were performed under the color of state law.

38. Plaintiff suffered harm, and continues to suffer harm, as a result of Defendants' unlawful actions.

## COUNT VI

## DEFENDANT KINCAID, DEFENDANT GEWIRTZMAN and

## DEFENDANT RASICO, each in their individual capacities

## INDIANA COMMON LAW

## UNREASONABLE SEARCH AND SEIZURE

## FALSE ARREST/IMPRISONMENT

39. Plaintiff hereby incorporates the foregoing paragraphs as if the same were set forth at length herein.

40. Defendants engaged in actions against Plaintiff which constitute false arrest/imprisonment.

41. Defendants intentionally and unlawfully restrained Plaintiff and his freedom of movement, depriving Plaintiff of his liberty, without consent.

42. Defendants' actions were performed under the color of state law.

43. Plaintiff suffered harm, and continues to suffer harm, as a result of Defendants' unlawful actions.

# COUNT VII

## DEFENDANT KINCAID, DEFENDANT GEWIRTZMAN and DEFENDANT RASICO, each in their respective official capacities and DEFENDANT VPD

*MONELL V. DEPT. OF SOC. SERVS. OF CITY OF NEW YORK,*

**436 U.S. 658 (1978)**

### FOURTH AMENDMENT

### UNREASONABLE SEARCH AND SEIZURE

### EXCESSIVE FORCE

44. Plaintiff hereby incorporates the foregoing paragraphs as if the same were set forth at length herein.

45. Defendants engaged in actions against Plaintiff which constitute excessive force and an unlawful seizure under the Fourth Amendment of the United States Constitution.

46. The amount of force was unreasonable.

47. Defendants' actions were performed under color of state law.

48. Defendant VPD maintained customs, policies and practices that resulted in Defendants Kincaid, Gewirtzman and Rasico's actions, respectively. Defendant VPD was deliberately indifferent in failing to train and/or supervise Defendants Kincaid, Gewirtzman, and Rasico.

49. Plaintiff suffered harm, and continues to suffer harm, as a result of Defendants' unlawful actions.

## COUNT VIII

## DEFENDANT KINCAID, DEFENDANT GEWIRTZMAN and DEFENDANT RASICO, each in their respective official capacities and DEFENDANT VPD

## *MONELL V. DEPT. OF SOC. SERVS. OF CITY OF NEW YORK*, 436 U.S. 658 (1978)

## FOURTH AMENDMENT

## UNREASONABLE SEARCH AND SEIZURE

## FALSE ARREST/IMPRISONMENT

50. Plaintiff hereby incorporates the foregoing paragraphs as if the same were set forth at length herein.

51. Defendants engaged in actions against Plaintiff which caused Plaintiff to be detained without probable cause.

52. Defendants imprisoned Plaintiff without probable cause.

53. Defendants' actions violated Plaintiff's Fourth Amendment rights.

54. Defendants illegally detained and imprisoned Plaintiff when they cuffed him to his wheelchair.

55. Defendants' actions were performed under color of state law.

56. Defendant VPD maintained customs, policies and practices that resulted in Defendants Kincaid, Gewirtzman and Rasico's actions, respectively. Defendant VPD was deliberately indifferent in failing to train and/or supervise Defendants Kincaid, Gewirtzman, and Rasico.

57. Plaintiff suffered harm, and continues to suffer harm, as a result of Defendants' unlawful actions.

## COUNT IX

## DEFENDANT KINCAID, DEFENDANT GEWIRTZMAN and

## DEFENDANT RASICO, each in their respective official capacities and

## DEFENDANT VPD

*MONELL V. DEPT. OF SOC. SERVS. OF CITY OF NEW YORK*,

## 436 U.S. 658 (1978)

## FOURTEENTH AMENDMENT

## DUE PROCESS VIOLATION

58. Plaintiff hereby incorporates the foregoing paragraphs as if the same were set forth at length herein.

59. Defendants engaged in actions against Plaintiff which deprived Plaintiff of due process under the law.

60. Defendants imprisoned Plaintiff without probable cause.

61. Defendants' actions violated Plaintiff's Fourteenth Amendment rights.

62. Defendants illegally detained and imprisoned Plaintiff when they cuffed him to his wheelchair.

63. Defendants' actions were performed under color of state law.

64. Defendant VPD maintained customs, policies and practices that resulted in Defendants Kincaid, Gewirtzman and Rasico's actions, respectively.  Defendant VPD was deliberately indifferent in failing to train and/or supervise Defendants Kincaid, Gewirtzman, and Rasico.

65. Plaintiff suffered harm, and continues to suffer harm, as a result of Defendants' unlawful actions.

# COUNT X

# DEFENDANT KINCAID, DEFENDANT GEWIRTZMAN and

# DEFENDANT RASICO, each in their respective official capacities and

# *DEFENDANT VPD*

# *MONELL V. DEPT. OF SOC. SERVS. OF CITY OF NEW YORK*,

# 436 U.S. 658 (1978)

# FOURTEENTH AMENDMENT

# UNREASONABLE SEARCH AND SEIZURE

# EXCESSIVE FORCE

66. Plaintiff hereby incorporates the foregoing paragraphs as if the same were set forth at length herein.

67. Defendants engaged in actions against Plaintiff constitute excessive force and an unlawful seizure under the Fourth Amendment.

68. Defendants imprisoned Plaintiff without probable cause.

69. The amount of force used by Defendants against Plaintiff was unreasonable.

70. Actions by Defendants Kincaid, Gewirtzman, and Rasico violated Plaintiff's rights under the Fourth Amendment of the United States Constitution.

71. Defendants' actions were performed under color of state law.

72. Defendant VPD maintained customs, policies and practices that resulted in Defendants Kincaid, Gewirtzman and Rasico's actions, respectively.  Defendant VPD was deliberately

indifferent in failing to train and/or supervise Defendants Kincaid, Gewirtzman, and Rasico.

73. Plaintiff suffered harm, and continues to suffer harm, as a result of Defendants' unlawful actions.

## COUNT XI

## DEFENDANT KINCAID, DEFENDANT GEWIRTZMAN and

## DEFENDANT RASICO, each in their respective official capacities and

## DEFENDANT VPD

## *MONELL V. DEPT. OF SOC. SERVS. OF CITY OF NEW YORK*,

## 436 U.S. 658 (1978)

## FOURTEENTH AMENDMENT

## UNREASONABLE SEARCH AND SEIZURE

## FALSE ARREST

74. Plaintiff hereby incorporates the foregoing paragraphs as if the same were set forth at length herein.

75. Defendants engaged in actions against Plaintiff constitute excessive force and an unlawful seizure under the Fourth Amendment.

76. Defendants imprisoned Plaintiff without probable cause.

77. The amount of force used by Defendants against Plaintiff was unreasonable.

78. Actions by Defendants Kincaid, Gewirtzman, and Rasico violated Plaintiff's rights under the Fourth Amendment of the United States Constitution.

79. Defendants' actions were performed under color of state law.

80. Defendant VPD maintained customs, policies and practices that resulted in Defendants Kincaid, Gewirtzman and Rasico's actions, respectively. Defendant VPD was deliberately indifferent in failing to train and/or supervise Defendants Kincaid, Gewirtzman, and Rasico.

81. Plaintiff suffered harm, and continues to suffer harm, as a result of Defendants' unlawful actions.

## COUNT XII

## DEFENDANT KINCAID, DEFENDANT GEWIRTZMAN, AND DEFENDANT RASICO in their respective individual capacities and DEFENDANT VPD

## NEGLIGENCE

82. Plaintiff hereby incorporates the foregoing paragraphs as if the same were set forth at length herein.

83. Defendants Kincaid, Gewirtzman and Rasico, respectively, and Defendant VPD owed a duty to Plaintiff.

84. Defendants Kincaid, Gewirtzman, and Rasico, respectively, and Defendant VPD breached that duty

85. Plaintiff suffered harm, and continues to suffer harm, as a result of Defendants' breach of duty.

86. Defendants' breach was the direct and proximate result of Plaintiff' injuries and damages.

## COUNT XIII

## DEFENDANT KINCAID, DEFENDANT GEWIRTZMAN, AND DEFENDANT RASICO in their respective official capacities and DEFENDANT VPD

## NEGLIGENCE

87. Plaintiff hereby incorporates the foregoing paragraphs as if the same were set forth at length herein.

88. Defendant VPD owed a duty to Plaintiff.

89. Defendant VPD breached that duty.

90. Plaintiff suffered harm, and continues to suffer harm, as a result of Defendant's breach of duty.

91. Defendant VPD's breach was the direct and proximate result of Plaintiff's injuries and damages.

## COUNT XIV

## DEFENDANT VPD

## RESPONDEAT SUPERIOR

92. Plaintiff hereby incorporates the foregoing paragraphs as if the same were set forth at length herein.

93. Defendant VPD is liable for the false arrest/imprisonment, excessive force, due process violations, assault and battery committed against Plaintiff by Defendants Kincaid, Gewirtzman, and Rasico, respectively.

94. Defendant VPD employed these officers who committed false arrest/imprisonment, excessive forge, due process violations, assault and battery while acting in the scope of their employment.

95. Defendant VPD maintained customs, policies and practices that resulted in Defendants Kincaid, Gewirtzman and Rasico's actions, respectively. Defendant VPD was deliberately indifferent in failing to train and/or supervise Defendants Kincaid, Gewirtzman, and Rasico.

96. Plaintiff suffered harm, and continues to suffer harm, as a result of Defendants VPD's unlawful actions.

## REQUESTED RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court find for him, and order as follows:

1. Defendants pay compensatory damages to Plaintiff for, but not limited to, mental and emotional distress, pain and suffering, medical expenses and economic losses;
2. Defendants pay punitive damages to Plaintiff;
3. Defendants pay pre- ad post-judgment interest to Plaintiff on recoverable sums;
4. Defendants pay reasonable attorneys' fees and costs incurred in litigating this action;
5. Injunctive relief; and

6. Defendants pay any and all other legal and/or equitable damages this Court deems proper and just to grant.

        Respectfully submitted,

        /s/ William R. Morris, Jr.
        William R. Morris, Jr., Esq., #31433-53
        Morris Law Office
        405 W. 6th Street, Suite I
        Bloomington, IN 47404
        Tel: (812) 822-1232
        Fax:(812) 822-2709
        Email: William@Morrislawofc.com

        Attorney for Plaintiff

## **DEMAND FOR JURY TRIAL**

The Plaintiff, Herbert A. Dewbrew Jr., by counsel, respectfully requests a jury trial for all triable issues.

        Respectfully submitted,

        /s/ William R. Morris, Jr.
        William R. Morris, Jr., Esq., #31433-53
        Morris Law Office
        405 W. 6th Street, Suite I
        Bloomington, IN 47404
        Tel: (812) 822-1232
        Fax:(812) 822-2709
        Email: William@Morrislawofc.com

        Attorney for Plaintiff